# UNITED STATES DISTRICT COURT
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA | **FIRST AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: **2:03CR00371-1** |
| **DWAYNE LAMONT SLATER** | Defendant's Attorney: John Paul Balazs, Appointed |

**Date of Original Judgment:**   April 29, 2010
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

[  ] Correction of Sentence on Remand ( 18 U.S.C. 3742(f)(1) and (2))

[  ] Reduction of Sentence for Changed Circumstances (Fed R. Crim. P. 35(b))

[  ] Correction of Sentence by Sentencing Court (Fed R. Crim. P. 35(a))

[✓] Correction of Sentence for Clerical Mistake (Fed R. Crim. P. 36)

[  ] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

[  ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

[  ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

[  ] Direct Motion to District Court Pursuant to [  ] 28 U.S.C. §2255,
[  ] 18 U.S.C. §3559(c)(7), [  ] Modification of Restitution Order

**THE DEFENDANT:**

[✓] pleaded guilty to count(s)   1-3, 5, 7, 9, 11, 13-15, and 17   of the Fifth Superseding Indictment.

[  ] pleaded nolo contendere to count(s) ⎯ , which was accepted by the court.

[  ] was found guilty on count(s) ⎯ after a plea of not guilty.

*The defendant is adjudicated guilty of these offenses:
**See next page.**

      The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[  ] The defendant has been found not guilty on count(s) ⎯ .

[✓] Count(s)   4, 6, 8, 10, 12, 16, and 18 of the Fifth Superseding Indictment   are dismissed on the motion of the United States.

[  ] Indictment is to be dismissed by District Court on motion of the United States.

[✓] Appeal rights given.            [  ]        Appeal rights waived.

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution or fine, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/8/2019
Date of Imposition of Judgment

Signature of Judicial Officer

**Morrison C. England, Jr.**, United States District Judge
Name & Title of Judicial Officer

10/25/2019
Date

DEFENDANT: **DWAYNE LAMONT SLATER**
CASE NUMBER: **2:03CR00371-1**

| Title & Section | Nature of Offense | Offense Ended | Count Number |
|---|---|---|---|
| 18 USC § 2113(a) and (d) | Armed Bank Robbery (Class B Felony) | 2/14/2002 | 1 |
| 18 USC § 924(c)(1) | User of a Firearm (Class A Felony) | 2/14/2002 | 2 |
| 18 USC § 2113(a) and (d) | Armed Bank Robbery (Class B Felony) | 12/11/2002 | 3 |
| 18 USC § 2113(a) and (d) | Armed Bank Robbery (Class B Felony) | 3/12/2003 | 5 |
| 18 USC § 2113(a) and (d) | Armed Bank Robbery (Class B Felony) | 12/14/2001 | 7 |
| 18 USC § 2113(a) and (d) | Armed Bank Robbery (Class B Felony) | 1/9/2003 | 9 |
| 18 USC § 2113(a) and (d) | Armed Bank Robbery (Class B Felony) | 9/3/2003 | 11 |
| 18 USC § 2113(a) and (d) | Armed Bank Robbery (Class B Felony) | 8/15/2001 | 13 |
| 18 USC § 924(c)(1) | Use of a Firearm (Class A Felony) | 8/15/2001 | 14 |
| 18 USC § 2113(a) and (d) | Armed Bank Robbery (Class B Felony) | 5/4/2001 | 15 |
| 18 USC § 2113(a) and (d) | Armed Bank Robbery (Class B Felony) | 3/10/2003 | 17 |

DEFENDANT: **DWAYNE LAMONT SLATER**
CASE NUMBER: **2:03CR00371-1**

# IMPRISONMENT

\*The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
<u>132 months as to each of Counts 1, 3, 5, 7, 9, 11, 13, 15 and 17 to be served concurrently to one another and 84 months as to Count 2</u>
<u>and 84 months as to Count 14 both to be served consecutively to each other and consecutive to all other counts, for a total term of</u>
<u>imprisonment of 300 months</u>.

[ ]    No TSR: Defendant shall cooperate in the collection of DNA.

[✓]    The court makes the following recommendations to the Bureau of Prisons:
       The court recommends that the defendant be incarcerated in the USP Atwater, non-disruptive pen in California, but only insofar
       as this accords with security classification and space availability.

[✓]    The defendant is remanded to the custody of the United States Marshal.

[ ]      The defendant shall surrender to the United States Marshal for this district
       [ ]    at ___ on ___.
       [ ]    as notified by the United States Marshal.

[ ]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ]    before ___ on ___.
       [ ]    as notified by the United States Marshal.
       [ ]    as notified by the Probation or Pretrial Services Officer.
       If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

     Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


                               _____

                               United States Marshal


                               _____

                               By Deputy United States Marshal

DEFENDANT: **DWAYNE LAMONT SLATER**
CASE NUMBER: **2:03CR00371-1**

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
60 months as to Counts 1, 2, 3, 5, 7, 9, 11, 13, 14, 15, and 17 to be served concurrently to one another for a total term of 60 months.

## MANDATORY CONDITIONS

You must not commit another federal, state or local crime.
You must not unlawfully possess a controlled substance.
You must refrain from any unlawful use of controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two (2) periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.

[ ]  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

[✓]  You must cooperate in the collection of DNA as directed by the probation officer.

[ ]  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

[ ]  You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: **DWAYNE LAMONT SLATER**
Page 5 of 7
CASE NUMBER: **2:03CR00371-1**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: **DWAYNE LAMONT SLATER**
CASE NUMBER: **2:03CR00371-1**

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

4. The defendant shall not open additional lines of credit without the approval of the probation officer.

5. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

6. The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.

7. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

DEFENDANT: **DWAYNE LAMONT SLATER**
CASE NUMBER: **2:03CR00371-1**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $1,100.00 | $0.00 | $796,659.75 |

[ ]     The determination of restitution is deferred until ___ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

[✓]     The Court orders the defendant to pay restitution to the victim(s) as outlined in the Restitution Attachment on Sheet 5B.

In addition, the Court gives notice that this case involves other defendants, or may involve other defendants, who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future. Such future orders do not increase the amount of restitution ordered against the defendant.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

[ ]     Restitution amount ordered pursuant to plea agreement $ ___

[ ]     The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[✓]     The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[✓]     The interest requirement is waived for the     [ ] fine     [✓] restitution

[ ]     The interest requirement for the     [ ] fine     [ ] restitution is modified as follows:

[ ]     If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[✓]     *If incarcerated, payment of the restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **DWAYNE LAMONT SLATER**
CASE NUMBER: **2:03CR00371-1**

## RESTITUTION PAYMENTS

Restitution of $796,659.75 to:

| | |
|---|---|
| BANK OF AGRICUTURE AND COMMERCE<br>MODESTO, CA 95355<br>$111,627.00 | BANK OF AMERICA<br>ST. LOUIS, MO 63179-0087<br>$179,900.00 |
| COUNTY BANK<br>TURLOCK, CA 95380<br>$74,000.00 | CUNA MUTUAL INSURANCE GROUP<br>MADISON, WI 53701-1221<br>$112,559.00 |
| CUNA MUTUAL INSURANCE GROUP<br>MADISON, WI 53701-1221<br>$15,134.75 | FARMERS AND MERCHANTS BANK<br>HILMAR, CA 95324<br>$14,350.00 |
| FINANCIAL CENTER CREDIT UNION<br>MANTECA, CA 95336<br>$5,000.00 | ROLLING F CREDIT UNION<br>TURLOCK, CA 95382<br>$5,000.00 |
| ST. PAUL MERCURY INSURANCE COMPANY<br>ST. PAUL, MN 55102<br>$110,000.00 | UNION SAFE DEPOSIT BANK<br>MODESTO, CA 95356<br>$100,000.00 |
| WELLS FARGO BANK<br>SAN FRANCISCO, CA 94104<br>$888.00 | WESTAMERICA BANK<br>FAIRFIELD, CA 94534<br>$68,201.00 |