1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                No.  2:03-CR-00371-MCE

12                    Plaintiff,

13           v.                                **ORDER**

14    DWAYNE LAMONT SLATER,

15                    Defendant.

16

17          Defendant Dwayne Lamont Slater ("Defendant") pled guilty to nine counts of

18    armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and two counts of use of

19    a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §

20    924(c)(1).  He was sentenced on April 29, 2010, to three hundred (300) months of

21    imprisonment.  Presently before the Court is Defendant's Motion to Vacate and/or

22    Reduce Sentence.  ECF No. 1166.  The Government opposes Defendant's request.

23    ECF No. 1179.  For the reasons that follow, his Motion is DENIED.

24          Defendant contends that "extraordinary and compelling circumstances" exist such

25    that he should be released prior to his current anticipated release date in January 2025.

26    More specifically, Defendant asks the Court to grant him compassionate release "in light

27    of the COVID-19 pandemic and its outbreak at Butner prison complex, his high-risk

28    health issues, exceptionally good prison conduct, the First Step Act, and all the

                                           1

1    sentencing factors set forth in 18 U.S.C. § 3553(a)."  Def.'s Mot., ECF No. 1166, at 1.

2    The primary impetus for Defendant's Motion is that he "is at very-high risk for more

3    severe complications from COVID-19 due to multiple comorbidities." Id. at 11.  "Recent

4    BOP medical records confirm that [Defendant] suffers from obesity, high blood pressure,

5    prediabetes, congenital scoliosis, chronic pain, and peripheral neuropathy." Id.

6    Defendant thus seeks release both given his decline in health and the additional risks

7    posed now that we are in the midst of a viral pandemic to which he is particularly

8    susceptible.  Though these conditions are both serious and chronic, Defendant's release

9    would nonetheless be inappropriate.

10           "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes

11   a final judgment' and may not be modified by a district court except in limited

12   circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original;

13   quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C.

14   § 3582(c).  "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C.

15   § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated

16   administrative procedures, to file a motion with the district court for compassionate

17   release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020)

18   (citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

19           **(c) Modification of an imposed term of imprisonment**.—
             The court may not modify a term of imprisonment once it has
20           been imposed except that—

21           (1) in any case—

22           (A) the court, upon motion of the Director of the Bureau of
             Prisons [("BOP")], or upon motion of the defendant after the
23           defendant has fully exhausted all administrative rights to
             appeal a failure of the [BOP] to bring a motion on the
24           defendant's behalf or the lapse of 30 days from the receipt of
             such a request by the warden of the defendant's facility,
25           whichever is earlier, may reduce the term of imprisonment
             (and may impose a term of probation or supervised release
26           with or without conditions that does not exceed the unserved
             portion of the original term of imprisonment), after considering
27           the factors set forth in section 3553(a) to the extent that they
             are applicable, if it finds that—

28

                                              2

1              (i) extraordinary and compelling reasons warrant such a reduction;

2

3              . . . .

4              and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

5   18 U.S.C. § 3582(c)(1)(A)(i).

6       "Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly

7   petition a district court for compassionate release, removing the BOP's prior exclusive

8   gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5.  "The statute now

9   provides the court with authority to reduce a sentence upon the motion of a defendant if

10  three conditions are met:  (1) the inmate has either exhausted his or her administrative

11  appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has

12  waited until 30 days after the applicable warden has received such a request; (2) the

13  inmate has established 'extraordinary and compelling reasons' for the requested

14  sentence reduction; and (3) the reduction is consistent with the Sentencing

15  Commission's policy statement." Id. (footnote omitted).

16      The starting point for the policy statement referenced in the third prong is United

17  States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

18              [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions
19              that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18
20              U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--

21

22              (1)(A) Extraordinary and compelling reasons warrant the reduction; or

23              (B) The defendant (i) is at least 70 years old; and (ii) has
24              served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

25

26              (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

27

28              (3) The reduction is consistent with this policy statement.

3

Since Defendant was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

> (A) Medical Condition of the Defendant.
>
> . . . .
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

Here, Defendant contends he suffers from serious physical or medical conditions that make him particularly vulnerable to COVID-19 such that he qualifies for release. The burden is on Defendant. United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). He has not met that burden here.

Having presided over this case for years, including through trial and sentencing of Defendant's co-defendants, the Court is intimately familiar with both this Defendant and the facts of this case. As a result, after consideration of the foregoing, including the factors under 18 U.S.C. § 3553(a), it absolutely agrees with the Government that, even assuming Defendant's medical conditions are sufficient to qualify him for consideration

4

1    for release, such release would be inappropriate because he is a danger to the

2    community.

3        This case arose from a violent armed robbery ring that was Defendant's

4    brainchild.  The Government aptly describes the havoc wreaked as follows:

5            [T]he facts of the armed bank robberies organized by
             [Defendant] are horrific.  The robbery crews . . . repeatedly put
6            innocent bank employees and patrons in fear of their lives in
             an effort to greedily collect easy money.   [Defendant's]
7            leadership demonstrated a singular focus on ruthless
             efficiency in getting to the vault, grabbing the cash, threatening
8            anyone in the way, and removing evidence of the crimes by
             attempting to remove video recordings.  [Defendant's] crimes
9            demonstrate an unmitigated callousness that undermines his
             motion for compassionate release.  The robbery crews under
10           [Defendant's] command showed no compassion to their
             victims . . .
11
     Gov. Opp. at 20.
12
13       Somewhat shockingly, Defendant's criminal history is even worse.  Before

14   Defendant came before this Court, he had already been convicted of, among other

15   things, rape and first degree murder.  This is unbelievable.  This Court simply does not

16   see first degree murder in individual's criminal histories here because the state has

17   typically incarcerated those individuals for very lengthy periods of time.  It can only

18   surmise that Defendant is an anomaly because he was 17 at the time of the murder and

19   thus was a juvenile.  Regardless, Defendant clearly learned nothing from that experience

20   since he ended up before this Court on the instant charges.

21       At base, Defendant's only track record when not in prison is one of violence,

22   mayhem, and destruction.  While the Court commends Defendant for his record in prison

23   and encourages him to continue to try to better himself in anticipation of his eventual

24   release, based on this track record, the Court can only conclude that Defendant remains

25   a danger to society.

26   ///

27   ///

28   ///

                                        5

1    Having found that Defendant is a danger to the community and having considered

2    all of the factors set forth in 18 U.S.C. § 3553(a), the Court thus concludes that release

3    would be inappropriate.  Defendant's Motion to Reduce Sentence (ECF No. 1166) is

4    DENIED.

5    IT IS SO ORDERED.

6    Dated:  July 30, 2020

7

8    _____
     MORRISON C. ENGLAND, JR.
9    SENIOR UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28