# EXHIBIT 1A

**Subject:** Re: Dwayne Lamont Slater, Reg. No. 01235-112--Request for Home Confinement and/or Compassionate Release
**Date:** Friday, April 24, 2020 at 6:38:02 AM Pacific Daylight Time
**From:** BUX/Exec Assistant~
**To:** John Balazs

*Good Morning,*

*Thank you for your inquiry. Your request for a Compassionate Release for Mr. Slater has been forwarded to the appropriate department for review.*

*From the Office of the Executive Assistant~*

*Please take care and be safe~~*


>>> John Balazs <john@balazslaw.com> 4/23/2020 8:12 PM >>>
>
Please accept the attached letter and supporting documents as Dwayne Lamont Slater's request for home confinement under the CARES Act and his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Please confirm receipt of this email. Thank you.

John Balazs
Attorney at Law
916 2nd Street, Suite F
Sacramento, CA 95814
916-447-9299
john@balazslaw.com; balazslaw@gmail.com

| | |
|---|---|
| **Subject:** | Dwayne Lamont Slater, Reg. No. 01235-112--Request for Home Confinement and/or Compassionate Release |
| **Date:** | Thursday, April 23, 2020 at 5:12:37 PM Pacific Daylight Time |
| **From:** | John Balazs |
| **To:** | BUF/ExecAssistant@bop.gov |
| **Attachments:** | D.Slater 01235-112 BOP Ltr 4.24.20.pdf, Supporting Letters and Records.pdf |

Please accept the attached letter and supporting documents as Dwayne Lamont Slater's request for home confinement under the CARES Act and his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Please confirm receipt of this email. Thank you.

John Balazs
Attorney at Law
916 2nd Street, Suite F
Sacramento, CA 95814
916-447-9299
john@balazslaw.com; balazslaw@gmail.com

**John Balazs**
**Attorney at Law**
**916 2nd Street, Suite F**
**Sacramento, CA 95814**
**916-447-9299**
**john@balazslaw.com**

April 24, 2020

<u>Via email and U.S. Mail (BUF/ExecAssistant@bop.gov):</u>
Warden
Unit Manager
FCI Butner Medium I
P.O. Box 1000
Butner, NC 27509

    Re: <u>Dwayne Lamont Slater, Fed. Reg. No. 01235-112</u>
**Request for Transfer to Home Confinement under § 12003(b)(2) of the CARES Act and for a "Compassionate Release" Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and BOP P.S. 5050.50**

Dear Warden and Unit Manager:

    I am writing to request a transfer to home confinement for my client, Dwayne Lamont Slater, pursuant to §12003(b)(2) of the CARES Act, and the Attorney General's April 3, 2020, Memorandum finding the COVID-19 emergency conditions are materially affecting the functioning of the Bureau of Prisons. Please also consider this to be a request for a motion for release/reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and BOP Program Statement 5050.50 based on "extraordinary and compelling" circumstances which could not reasonably have been foreseen by the court at the time of sentencing.

    Mr. Slater is a compelling candidate for release to home confinement for the remainder of his sentence. He is 52 years old, medically at-risk, has extraordinary good conduct in prison, and poses minimum risk if released. He also has a verifiable release plan. Transferring Mr. Slater to home confinement will decrease the population and the dangers of COVID-19 at FCI Butner Medium I without endangering the greater community.

If released, Mr. Slater can self-quarantine, if necessary, and reside with his sister Laura Lambert (209-485-0064). Ms. Lambert lives with her children in a 4-bedroom house at ███████████, Turlock, CA 95380. Mr. Slater is a U.S. citizen and has no detainers.

As the Attorney General indicated in his April 3, 2020 memo, "inmates with a suitable confinement plan will generally be appropriate candidates for home confinement rather than continued detention at institutions in which COVID-19 is materially affecting their operations." Because FCI Butner Medium I is on lockdown, COVID-19 is materially affecting its operations.

Mr. Slater should be approved for transfer to serve the remainder of his sentence in home confinement. According to the BOP's website, his expected release date is January 16, 2025. He has been in custody since October 2003 and has already served more than 16 1/2 years in actual custody on his federal sentence. As documented in the attached progress reports, certificates, and supporting letters, Mr. Slater has done exceptionally well in prison. He has no known disciplinary history throughout his incarceration.

Further, the spread of COVID-19 at FCI Butner Medium I and nationwide, and in combination with the other factors here, constitutes "extraordinary and compelling circumstances" that warrant a sentence reduction to time served. According to the BOP's website, there are a total of 29 inmates and 18 staff members who are confirmed to have COVID-19 at FCI Butner Medium I as of April 23, 2020. There are five confirmed COVID-19 inmate deaths there too.

Mr. Slater is at *very high risk* for more severe complications from COVID-19 because of multiple comorbidities. The CDC and other medical authorities have clarified that COVID-19 is especially dangerous for both older people and people with severe chronic medical conditions. *See* CDC, *Older Adults* (Mar. 21, 2020), https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications/older-adults.html. Those with certain serious health concerns—including chronic lung disease, moderate to severe asthma, compromised immune systems, serious heart disease, obesity, diabetes, renal failure, and liver disease—are also especially vulnerable to and at higher risk for serious complications such as pneumonia and acute respiratory disease from COVID-19, including death. *See* CDC, *Information for Healthcare Professionals: COVID-19 and Underlying Conditions* (Mar. 22, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html.

2

BOP records confirm that Mr. Slater suffers from obesity, high blood pressure, prediabetes, congenital scoliosis, chronic pain, and peripheral neuropathy. PSR, ¶¶ 159, 160.  BOP records (attached) also confirm that he takes the following medications for these and other conditions:  Lisinopril and hydrocholothizde for blood pressure; Cymbalta, Lidocaine HCI ointment, and DUloxetine for pain; and indomethacin for pain and blood thinning.

Mr. Slater's obesity, high blood pressure, and other conditions put him at *very high-risk of serious illness or potential death* from COVID-19, according to the current CDC guidelines above and other medical research.  Research also shows that persons with high blood pressure are more likely to get COVID-19, to have worse symptoms, and to die from the infection and its complications. *See* https://www.webmd.com/lung/coronavirus-high-blood-pressure - 1. Further, BOP medical records document a history of renal failure in 2014 and 2016, which is also listed by the CDC as a high-risk factor and magnifies the risk of serious illness or death if Mr. Slater contracts COVID-19.

Finally, Mr. Slater's multiple convictions and consecutive sentences for § 924(c) firearm counts, along with his extraordinary rehabilitation and other factors, also warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act.  Mr. Slater pled guilty to two § 924(c) gun counts and nine bank robbery counts.  He was sentenced to 132 months on each of the bank robbery counts to run concurrent with each other and 84 months on each of the two § 924(c) firearm counts to run consecutive to each other and to the bank robbery counts, for a total sentence of 300 months.  At the time, the two § 924 counts were required to be run consecutive to each other and the sentences imposed on all other counts.  As part of the First Step Act, Congress eliminated the consecutive "stacking" provision previously required for violations of § 924(c).   In other words, if Mr. Slater were sentenced today, the court could run the 7-year sentences on his two § 924(c) counts concurrently, so he would be sentenced to a total of 18 years, instead of 25 years.  A number of district courts have now held that the fact that a defendant would likely have received a lesser sentence if he were sentenced today—along with all the circumstances of the case—represents extraordinary and compelling grounds to reduce the defendant's sentence.  *See United States v. Maumau,* 2020 WL 806121 (D. Utah Feb, 18, 2020); *United States v. Wade,* No. 2:99-CR-0257, 2020 WL 1864906 (C.D. Cal. Apr. 13, 2020); *United States v. McPherson,* No. 3:94-cr-5708-RJB, 2020 WL 1862596 (W.D. Wash. Apr. 14, 2020).  This same factor should apply here as it is likely that Mr. Slater would have received a lesser sentence if he were sentenced today.

Given the spread of COVID-19 at FCI Butner Medium I and Mr. Slater's serious medical conditions, he is at great risk of suffering severe illness or death from complications of COVID-19. He has also exhibited extraordinary rehabilitation and would likely have been sentenced to a lesser sentence if he were sentenced today. For all these reasons, Mr. Slater requests that he be transferred to home confinement to complete his sentence of imprisonment or have his sentence reduced to time served under the "compassionate release" statute. Please feel free to call or email me if you have any questions or need more information.

    Sincerely,

    *John Balazs*
    John Balazs

    Attorney for Inmate
    Dwayne Lamont Slater