UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:03-cr-00371-JAM |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)** |
| DWAYNE LAMONT SLATER, | |
| Defendant. | |

Before the Court is Defendant's renewed motion for compassionate release. See Mot., ECF No. 1223. The United States opposed Defendant's motion. See Opp'n, ECF No. 1227. Defendant replied. See Reply, ECF No. 1231. For the reasons set forth below, the Court grants Defendant's motion.

In the Ninth Circuit, the decision of whether to grant or deny a compassionate release is within the sound discretion of the district court. See United States v. Aruda, 993 F.3d 797, 801 (9th Cir. 2021) (explaining district courts are "empowered to consider any extraordinary and compelling reason for release that a defendant might raise"). Here, the Court finds two factors particularly support Defendant's release: (1) a change in federal

1

1 | law, and (2) Defendant's significant and sustained rehabilitation
2 | efforts while in custody.  Accord United States v. Chan, No. 96-
3 | cr-00094-JSW, 2020 WL 1527895, at *6 (N.D. Cal. Mar. 31, 2020)
4 | (finding defendant's "rehabilitation efforts in combination with
5 | the amendments to Section 924(c)'s stacking provisions" qualify
6 | as "extraordinary and compelling reasons to reduce his
7 | sentence").
8 |     Beginning with the change in law, when Defendant pled
9 | guilty, every Section 924(c) conviction required a mandatory
10 | consecutive sentence.  Mot. at 7-8; Reply at 3.  But the First
11 | Step Act of 2018 eliminated that mandatory "stacking"
12 | requirement.  Id.  As a result, Defendant would be sentenced to
13 | less time if he were sentenced today.  Id.  The United States did
14 | not address this change in federal law in opposition.  See Opp'n.
15 |     Defendant's rehabilitation efforts during his almost 19
16 | years in custody also weigh strongly in favor of release.  See
17 | Reply at 3-4 (summarizing rehabilitation efforts).  Even the
18 | United States concedes Defendant's rehabilitation is
19 | "commendable."  Opp'n at 8.  Given his rehabilitation, the Court
20 | finds Defendant will not endanger the community if released.
21 |     Lastly, the Court finds that the relief to be granted
22 | pursuant to 18 U.S.C. § 3582(c)(1)(A) is consistent with the
23 | sentencing factors set forth in 18 U.S.C. § 3553(a).  Reducing
24 | Defendant's sentence to time served would be "sufficient but not
25 | greater than necessary to comply with" the purposes of sentencing
26 | under § 3553(a).
27 | ///
28 | ///

      Accordingly, the Court GRANTS Defendant's motion for compassionate release.  Defendant shall spend up to 14 days in quarantine and obtain medical clearance prior to release.  During this time, appropriate travel arrangements shall be made to ensure Defendant's safe release.  Upon release, Defendant shall begin serving his 60-month term of supervised release.

      IT IS SO ORDERED.

Dated:  July 5, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE